**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID L. BROWN,

Plaintiff-Appellant,

v.

METROPOLITAN TULSA TRANSIT
AUTHORITY,

Defendant-Appellee.

No. 14-5062
(D.C. No. 4:09-CV-00466-CVE-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Some years ago David Brown was banned from riding Tulsa public buses

because of his pattern of disruptive behavior. Mr. Brown replied by filing this

suit under 42 U.S.C. § 1983, alleging that the ban violated his constitutional

rights. In a prior appeal, this court agreed that Mr. Brown had a protected

property interest in access to MTTA transportation and remanded for a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determination whether the agency had afforded Mr. Brown due process before imposing the ban.

On remand, the district court held that MTTA's failure to provide Mr. Brown an opportunity to be heard deprived him of due process. The court entered a permanent injunction requiring MTTA to hold a hearing at which Mr. Brown could challenge the ban and enjoining the agency from enforcing the ban until then. The court also awarded nominal damages, but held that Mr. Brown had failed to show any other damages.

While mindful of our obligation to construe his pro se filings liberally, we see no reversible error in this disposition. Mr. Brown challenges the district court's conclusion that he failed to offer proof of anything more than nominal damages. But our examination of the record comports with the district court's: it lacks any nonspeculative evidence of compensatory damages. *See Lippoldt v. Cole*, 468 F.3d 1204, 1220-21 (10th Cir. 2006) (upholding a denial of compensatory damages in a § 1983 action where the plaintiffs "failed to present evidence of compensable injury" and "merely speculated about the amount of damages"). Mr. Brown seems to suggest that granting summary judgment on this issue violated the Seventh Amendment's jury-trial guarantee. But it is well established that "[t]he Seventh Amendment is not violated by proper entry of summary judgment." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001). Separately, Mr. Brown argues that the district court erred in allowing MTTA to

conduct his hearing; in his view, the district court should have done so. But the Due Process Clause requires the executive actor causing the deprivation to afford notice and an opportunity to be heard, not an Article III tribunal. *See, e.g.*, *Mathews v. Eldridge*, 424 U.S. 319, 332-34 (1976) (discussing what *administrative procedures* are required to satisfy due process when a protected property interest is affected, including "some form of hearing" in the agency).

Affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge